**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICK SIEGEL, an individual, | No. 08-56991 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-02480-CAS-SS |
| v. | |
| ANGELA M. BRADSTREET, in her official capacity as the Labor Commissioner for the State of California, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted December 15, 2009[**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Rick Siegel appeals pro se from the district court's order dismissing his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

JS/Research

42 U.S.C. § 1983 action for injunctive and declaratory relief against the California Labor Commissioner. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). We may affirm on any ground supported by the record. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001). We affirm.

The district court resolved Siegel's claims on two grounds, one of which was on the merits. We affirm on that ground for the reasons stated by the district court. To the extent Siegel's equal protection claim is based on the differences between the Talent Agencies Act and statutes regulating other occupational licenses, the claim fails because there is a rational basis for the California legislature's decision to craft the Act differently from other licensing statutes. *See Nat'l Ass'n for the Advancement of Psychoanalysis*, 228 F.3d at 1050-53 (rejecting equal protection challenge to California licensing scheme under rational basis test and stating that "[i]t simply is not the function of the courts to tell California how to craft its legislation").

Because Siegel does not state a claim under section 1983, his claim for declaratory relief under 28 U.S.C. § 2201 fails. *See Hoeck v. City of Portland*, 57 F.3d 781, 787 (9th Cir. 1995).

Siegel's remaining contentions are unavailing.

We deny Siegel's request for judicial notice, and we deny as moot his motion to expedite this appeal.

**AFFIRMED.**